If it pleases the Court, good morning. Moses Avalos on behalf of Appellant Miguel Velez. Your Honor, I just want to emphasize a few points, and then if you have any questions, then I'll leave the rest of the time for rebuttal. First of all, what is missing from the brief, both appellant's brief and appellee's brief, is the fact that the motion to dismiss that was heard in the Federal District Court in Nevada did not allow oral argument to take place. That decision was submitted in writing, so the Court did not have an opportunity to probe the appellant or the Petitioner on that side as to how the complaint could have been amended. There was no opportunity to ask questions, no opportunity to show the Court what kind of amendments would have been made. How would you have amended it? How would I have amended the complaint? Uh-huh. I would have, first of all, have named the State of Nevada as a party to the action, because State of Nevada relates to the issue of rehabilitation and the service there. What did the State of Nevada do to your client? Well, there was a decision that came down from the Nevada court that said that you're not eligible for rehabilitation benefits if you're an undocumented alien. And that is State action. And the rehab service, rehab results, based on the decision, denied the benefits to my client. How else would you amend the complaint? I would have further shown the injuries that were sustained by my client, and based on that, how he was entitled to be protected under the American with Disabilities Act. That was not really clear from the complaint. It just says that my client was injured, but it didn't evidence clearly how he was injured and the impact that the injury had, and how that related to the issue of the type of rehabilitation service that he was required to have. Are you suing the employer here? No. All right. The second point is that that is being argued by the appellees that the local federal district court rule of 15-1 require a proposed amended pleading to be submitted with the opposition to the motion to dismiss. However, the federal rules of civil procedure do not require that. And I believe that the federal rules of civil procedure supersede any local federal district court rule. So the fact that we did not submit a proposed amended pleading to the opposition, I do not believe that is fatal to what is being asked by the appellant. Third, the issue of the conspiracy. The claim is that there's a high need for the standards for conspiracy. I believe that based on the totality of the circumstances that could have been allowed to be amended in a complaint, we could have shown that a conspiracy took place. And then the defendants, I believe that the complaint was sufficiently pled to give notice to the parties of the grievance of the law supporting the grievances and of the relief being sought. I don't believe that was a mystery. They were on notice of that. And the fifth point is, Your Honors, is that it seems from reading the briefs, the appellee's briefs, that they're arguing more of a summary judgment standard. Or through their briefs, they claim as a matter of law, as a matter of law, as a matter of law, but that's not a motion to dismiss standard. So based on that, Your Honor, I will submit unless you have any more questions. Thank you. Sure. Are there any questions? No. Thank you. May it please the Court, counsel. My name is Ibram Bryson. I represent Appellee's Rehab Results, Inc. and Jeff Shea. I'm going to argue approximately 7 to 8 minutes, at which time Ms. Tejura is going to finish up. She's going to focus on issues surrounding exclusivity of remedy, service by publication and municipal liability. Who is Shea? Pardon? Who is Jeff Shea? Jeff Shea is the owner of Rehab Results. He's the owner. Yes. Your Honor, Ms. Tejura. So you're not – so she's – I'm sorry, but your co-counsel is not representing a different client. Yes, she does represent a different client. She represents – all right. Yes. We were told to share the time. All right. Okay. So I'm going to take the brunt of the argument, and she's going to follow up and clean up whatever I can't get to. Your Honor, the lower court did not err in granting Appellee's motion to dismiss and denying Appellant leave to amend because Appellant did not plead because he cannot plead any facts which would demonstrate that he would be entitled to relief, any of the relief requested, and thus leave to amend would be futile. The – there is no direct liability or a direct cause of action pursuant to a 1981 or a 1985. Those are vehicles that are used to bring an action for other wrongs that are alleged by an allegedly aggrieved party, very similar to a 1983 action, where first you have to find a constitutional violation. If so, then you proceed under a 1983. Here, in order to proceed under the causes of action, 81 and 85, the Appellant would first have to demonstrate that he's entitled to the relief in which he's asserting. Well, he's been intentionally discriminated against on the basis of race. Well, it's that he has – he has stated otherwise. But he has not made a claim. Well, he is – he's – if he's – If that is the allegation. Well, that is the allegation. And if you accept what he says is true, which we should, and you give all inferences in favor, he still cannot make it out, make out a cause of action. The – and we'll take these in reverse. The rehabilitative cause of action that he asserts, in order to bring that, he must have a – must demonstrate a Federal employer and a Federal employee. That's what that act was designed to do. So no matter how many times he would be allowed to amend the complaint, that's not going to happen. So that cause of action must fail. So then under the next cause of action, which would be under the ADA, he would have to demonstrate that, first of all, some type of employer-employee relationship to go directly under a 1981. My clients, the appellees, are not his employer. Now, so if he can't get directly under 1981, then conceivably, perhaps, you could proceed under a conspiratorial theory under a 1985. If he had pled in his complaint that his employer met the – the test as far as being an employer or another entity as defined within the meaning of the act. And by the way, he did sue – Mr. Velez did sue his employer, TNR Painting and Drywall. He simply didn't allege any facts against them, which would bring them within the spirit and meaning of the ADA. So if you do not have a basis to assert a right, you can't have a conspiracy. No entitlement is going to equal no wrongful act. That's Zaca v. Delvey-Webb, 508F-1005, District of Nevada. And so if the third and fourth causes of actions fail, and in addition as to the ADA, he did not exhaust his administrative remedies, which he's required to do in order to bring that cause of action. What were his administrative remedies? Well, he's supposed to file it under the law. He's supposed to file a complaint with the EEOC, which he did not, first prior to bringing this. The Title II of the ADA, first of all, only applies to public agencies, which my clients are not. And then under Title I, it's governed by Title VII of the Civil Rights Act of 1964, which provides that you must file a charge, a complaint, with the EEOC. He did not. Okay. Let me just ask you a procedural question. This is a – this went off on a motion to dismiss. That's correct. What did the district court look at? How did – specifically, I'm looking at a report from the Avales, is that how you pronounce it? The – on the – no, that's you. The report on – that from the rehabilitation company, your company, that he couldn't provide the proper documentation. Was that in the – how was that in the record? That was in the record. It's attached, I believe, I have it here as EEOC. It's a letter that was sent. That's AERV 2, pages 25 and 26. Was that part of the complaint? Did you submit it? That was part of what was submitted in conjunction with the complaint, yes. He submitted it. Yes. Okay. And it's part of the record on appeal also. That's all I wanted to know. Right. And so under the law, my client has a duty to establish that his client is here legally and has a right to the benefits, unlike a workers' compensation claim, and there is no constitutional right to vocational rehabilitation services in and of itself. Well, if he's denied them on some unlawful basis. Well, no, he hasn't denied them. I must quarrel with the concept it's an unlawful basis. He denied them based upon the current law in Nevada, which is the case of Tarango, which appears to be what the appellate is really after. He couldn't provide worker authorization. Okay. That's correct. And so if he wants to go and challenge Tarango, there's nothing that my client can do to cure Tarango. Okay. As a matter of fact, if my client did not comply with Tarango, then he could face even criminal liability under Federal law. So he did what he was supposed to do. That's all that he did was to request information. It wasn't provided. A year and a half later, supposedly we get a letter from Senator Reid that says and, by the way, it's a time frame of a year and a half later. You get the letter from Senator Reid that says apparently he is a legal alien, but there's nothing in the record that shows that that was ever provided to my client. So that's... So there's no intentional discrimination. Exactly. Okay. Had that been provided and my client had done something to say, no, we're still not going forward, and I'm not even sure a letter would suffice from the Senator, you know, you're going to have to determine, first of all, it would be the same Velez and other things of that nature. I don't know if that would qualify under the statute, but assuming that it did qualify under Tarango, he would still have to show we did something wrong, and we haven't. It was never provided to us. So that's the problem. Yes. I'm just pointing out you have two minutes left. You want to let your co-counsel take some? I'll defer to Ms. Tejura unless anyone has any further questions for me. Thank you. Thank you, Your Honors. May it please the Court, counsel. My name is Cecil Tejura. I represent the appellee, Nevada Alternative Solutions. Nevada Alternative Solutions was a third party administrator for TNR Painting and Drywall for its workers' compensation claims. And I submit that I completely agree with the arguments made by Mr. Bryson and incorporate them by reference. Nevada Alternative Solutions is in the same position as Jeff Shea, and we had results in that we are not a Federal employee or entity. We did not employ the appellant, Mr. Velez. We were simply the administrator that assisted with the administration of the workers' compensation claims. I just want to cover some points that were not covered. We argued in our brief that the exclusivity provision applies, meaning that Nevada statutes, and I'm paraphrasing, but Nevada statute says that when a party elects to accept workers' compensation, that is his exclusive remedy and he can't sue his employer or the insurer, and that extends to the third party administrator for that insurance company and that employer, can't sue them, even if it's a claim that he's denied some of these workers' compensation rights. And to the extent that Mr. Velez is alleging that the vocational rehabilitation that he was denied or some aspect of workers' compensation is denied, that is precluded by those statutes. Sotomayor Did he actually get his compensation benefits? He did. And there is no Federal statute that he can allege against my client that would preempt and preempt that statute from not applying. Further, to the extent that Mr. Velez is appealing or requesting this Court that he be allowed more time to serve Renee Bohawk, she was a former employee of Nevada Alternative Solutions, that was not properly served and the Court determined that. In the lower court, I'd like to point out to Your Honors that the magistrate's order in denying Mr. Velez's request to serve Ms. Bohawk by publication was not contained in the notice of appeal, and we've submitted case law that suggests that if it's not in the notice of appeal, it cannot be properly before Your Honors today and when you make your decision. Further, the request for more time to serve her was not actually in any of the moving papers that was submitted by Mr. Velez, and further, Mr. Velez failed to demonstrate to the lower court that he actually made any diligent efforts to serve her. I do request with Mr. Bryson that the decision of the lower court be affirmed. Thank you. You've used your time. Two more points of clarification, Your Honor. First is the fact that TNR was the original employer of my client, and Rehab Results is a provider of administrative services of rehabilitation benefits. With further discovery, it probably could be proven that Rehab Results may have been an arm of TNR drywall, somehow tied up to the employer and somehow tied up to the denial of the benefits. And two, the fact that there is a claim that my ---- Mr. Velez, somehow, did you plead any facts that showed that? No, we did not. Thank you. And we could have been allowed to under amendment. Second is the fact that there's a claim that my client did not provide Senator Reed's letter to them a year and a half later. Well, again, the complaint is not clear whether the client ever provided the letter to the employer or them to prove that he was a legal alien in this country. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Ripple, Bea